UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4410

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY E. CAPLINGER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Lacy H. Thornburg, District Judge. (CR-99-39)

Submitted:  November 2, 2005          Decided:  December 1, 2005

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas K. Maher, WINSTON & MAHER, Chapel Hill, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Gregory E. Caplinger of wire fraud and aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 1343, 2 (2000); and money laundering and aiding and abetting money laundering, in violation of 18 U.S.C. §§ 1956, 2 (2000). We affirmed his conviction, vacated the sentence, and remanded the case to the district court for resentencing without a two-level enhancement for abuse of a position of trust under U.S. Sentencing Guidelines Manual ("USSG") § 3B1.3 (2000). See United States v. Caplinger, 339 F.3d 226, 238 (2003). On remand, Caplinger argued that, pursuant to USSG § 1B1.11, he should be resentenced under the sentencing guidelines in effect at the time of his resentencing. But after his initial sentencing, Congress enacted the PROTECT Act, 18 U.S.C.A. § 3742(g) (West Supp. 2005), which states that when resentencing after appellate remand, a district court should apply the sentencing guidelines "that were in effect on the date of the previous sentencing of the defendant prior to the appeal." Id.; see United States v. Bordon, 421 F.3d 1202, 1205 (11th Cir. 2005). During resentencing, the district court referred to the same sentencing guidelines as used in the initial sentencing and resentenced Caplinger to 124 months' imprisonment.[*] Caplinger

_____

[*]At the resentencing hearing, the district court considered the federal sentencing guidelines advisory, consistent with United States v. Booker, 125 S. Ct. 738 (2005). Caplinger does not challenge his sentence under Booker.

- 2 -

appeals, claiming his inability to benefit from a change to the money laundering sentencing guidelines constitutes punishment in violation of the Ex Post Facto Clause, U.S. Const. art. I, § 9.

Caplinger argues that the PROTECT Act deprives him of a benefit afforded by USSG § 1B1.11, which he claims would afford him the opportunity of being sentenced under a more lenient money laundering guideline upon resentencing. However, § 1B1.11 "says nothing about the issue presently before this Court." United States v. Orlando, 363 F.3d 596, 602 (6th Cir. 2004) (holding that "[t]he relevant comparison at issue in § 1B1.11 is between the Guidelines in effect at the time of a defendant's sentencing versus those in effect at the time of a defendant's relevant offense, not between the version of the Guidelines in effect at the time of resentencing versus those in effect at the time of a defendant's original sentencing"). Moreover, because Caplinger "seeks to have applied to his case advantageous post-appeal changes to the Guidelines," id., no ex post facto concern is present. "To prevail on this sort of ex post facto claim," Caplinger "must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted." Johnson v. United States, 529 U.S. 694, 699 (2000). The PROTECT Act does not increase the penalty for Caplinger from what it was at the time he

committed the offense; therefore, it "does not violate the Ex Post Facto Clause." Bordon, 421 F.3d at 1207.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED